FILED ___ LODGED
___ RECEIVED ___ COPY
JUN 18 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Matthew T. Anderson
Ohio Bar No. 0082730
Luper Neidenthal & Logan
A Legal Professional Association
50 West Broad Street, Suite 1200
Columbus, OH 43215-3374
Fax: (866) 345-4948
E-mail: manderson@LNLattorneys.com
Telephone: (614) 221-7663

Attorney for Plaintiff
MedCath Incorporated
Employee Health Care Plan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PRESCOTT DIVISION

| | |
|---|---|
| **MedCath Incorporated Employee Health Care Plan,**<br><br>Plaintiff,<br><br>v.<br><br>**Dustin Stratton**, surviving son of Tracie Stratton, deceased, on his own behalf and on behalf of Co.S., Ca.S. and T.S., surviving minor children of Tracie Stratton, and Lori Cornwall, surviving mother of Tracie Stratton; **Abedon Abe Saiz; Laboratory Medicine Consultants, Ltd.; Bert G. Dougherty; Andrew Brenner; John Phebus;** and **Joseph W. Phebus,**<br><br>Defendants. | No. _____<br><br>**CV-14-08099-PCT-NVW**<br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS, DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER, AND MONETARY AND EQUITABLE RELIEF |

Now comes Plaintiff MedCath Incorporated Employee Health Care Plan (the "Health Plan") and states as its Complaint against Defendants as follows:

-1-

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Health Plan, at all times relevant hereto, is a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

2. The funding for the benefits provided by the Health Plan is derived from the funds of the Employer (MedCath Incorporated) and contributions made by covered Employees.

3. The Health Plan is an entity which may sue and be sued pursuant to 29 U.S.C. § 1132(d)(1).

4. Defendant Dustin Stratton, at all times relevant hereto, upon information and belief, is a resident of Arizona and resides in this judicial district.

5. Defendant Abedon Abe Saiz, at all times relevant hereto, upon information and belief, is a resident of Arizona and practices medicine in this judicial district.

6. Defendant Laboratory Medicine Consultants, Ltd., at all times relevant hereto, upon information and belief, conducts business in this judicial district.

7. Defendant Bert G. Dougherty, at all times relevant hereto, upon information and belief, is a resident of Arizona and practices medicine in this judicial district.

8. Defendant Andrew Brenner, at all times relevant hereto, upon information and belief, is an attorney having a principle place of business in this judicial district.

9. Defendant John Phebus, at all times relevant hereto, upon information and belief, is an attorney having a principal place of business in Maricopa County, Arizona.

10. Defendant Joseph W. Phebus, at all times relevant hereto, upon information and belief, is an attorney having a principle place of business in Urbana, Illinois.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, being a federal question, arising under ERISA, 29 U.S.C. §§ 1001 *et seq.*

12. This Court has pendent jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. §1367.

13. As to Defendant Dustin Stratton, personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant Stratton resides in this judicial district.

14. As to Defendant Abedon Abe Saiz, personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant Saiz conducts business in this judicial district.

15. As to Defendant Laboratory Medicine Consultants, Ltd., personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(b)(1) because said Defendant conducts business in this judicial district. Personal jurisdiction and venue are also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in this judicial district.

16. As to Defendant Bert G. Dougherty, personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant Dougherty conducts business in this judicial district. Personal jurisdiction and venue are also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in this judicial district.

17. As to Defendant Andrew Brenner, personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant Brenner's principal place of business is in this judicial district.

18. As to Defendant John Phebus, personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in this judicial district.

19. As to Defendant Joseph W. Phebus, personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in this judicial district.

**BACKGROUND FACTS**

20. Plaintiff incorporates all previous allegations as if fully restated herein.

21. Under the terms and conditions of the Health Plan, Defendant Dustin Stratton's mother, Tracie Stratton (deceased), had the right to receive certain health benefits under the Health Plan.

22. Under the terms and conditions of the Health Plan, in instances where Ms. Stratton (and/or her survivors and/or estate) may have a right to receive compensation from a third party (whether a tortfeasor, the tortfeasor's insurance carrier, or any other third party) for Ms. Stratton's illness and/or injury, the Health Plan has a right of recovery to the full extent of the benefits paid or payable by the Health Plan on behalf of Ms. Stratton, up to the amount recovered by Plaintiff.

23. Under the terms and conditions of the Health Plan, Plaintiff has a first priority equitable lien on any full or partial recovery made by Defendant Dustin Stratton from any third party, including Defendants to this action, whether by settlement or litigation.

24. Under the terms and conditions of the Health Plan, Plaintiff's right of recovery applies regardless of whether or not Defendant Dustin Stratton has been made whole.

25. Under the terms and conditions of the Health Plan, Plaintiff's right of recovery will not be reduced or prorated by or on account of Defendant Dustin Stratton's attorney fees and costs.

26. Upon information and belief, in February 2010, Ms. Stratton entered into care for surgical biopsy following mammograms and a sonogram, which revealed at least two masses representing a possible malignancy requiring a biopsy.

27. Defendant Dustin Stratton alleges that during the course of Ms. Stratton's medical treatment, not all of the masses found were biopsied and subsequently removed.

28. Defendant Dustin Stratton alleges that Ms. Stratton subsequently noticed that the masses had increased in size, and on September 10, 2010, a surgical biopsy was performed during which the two masses were removed.

29. Defendant Dustin Stratton alleges that, as a result of the lack of proper and timely medical treatment, Ms. Stratton died of metastatic breast cancer on July 10, 2013.

30. Defendant Dustin Stratton alleges that Ms. Stratton's death was proximately caused by Defendants Saiz, Laboratory Medicine Consultants, and Dougherty.

31. On behalf of Ms. Stratton, the Health Plan paid medical expenses totaling $569,974.50 relating to the alleged negligence of Defendants Saiz, Laboratory Medicine Consultants, and Dougherty.

32. In May 2011, Plaintiff Health Plan placed Ms. Stratton on written notice of the Health Plan's equitable subrogation lien on any future recovery arising out of the alleged negligence of Defendants Saiz, Laboratory Medicine Consultants, and Dougherty.

33. On July 25, 2011, Ms. Stratton filed a negligence action against Defendants Saiz, Laboratory Medicine Consultants, and Dougherty in the Superior Court of the State of Arizona, Mohave County.

34. The negligence action commenced by Ms. Stratton remains pending, and is captioned *Dustin Stratton v. Abedon Abe Saiz, et al.*, case number CV2011-

01226 in the Superior Court of the State of Arizona, County of Mohave (the "Negligence Action").

35. Ms. Stratton was represented in the Negligence Action by Defendants Andrew Brenner, John Phebus, and Joseph W. Phebus (collectively, the "Attorney Defendants").

36. The Attorney Defendants currently represent the plaintiff in the Negligence Action.

37. On or around September 12, 2011, Plaintiff Health Plan, through counsel, placed Ms. Stratton's attorney, Defendant Andrew Brenner, on notice of the Health Plan's equitable subrogation lien.

38. On or around February 15, 2012, Defendant John Phebus responded to Plaintiff's counsel's correspondence of September 12, 2011, acknowledging Plaintiff's equitable subrogation lien.

39. As a result of her injuries, Ms. Stratton passed away July 10, 2013.

40. On or around September 24, 2013, the Attorney Defendants filed a Second Amended Complaint in the Negligence Action on behalf of Defendant Dustin Stratton.

41. The Attorney Defendants assert (incorrectly) that Arizona's survivorship statute, A.R.S. 12-613, precludes Plaintiff Health Plan from asserting a subrogation claim against any recoveries made by Defendant Dustin Stratton in the Negligence Action.

42. The Attorney Defendants have refused to cooperate with Plaintiff Health Plan, notwithstanding that the terms and conditions of the Health Plan require cooperation as it pertains to Plaintiff's equitable subrogation lien.

43. Upon information and belief, in or around April 2014, the Attorney Defendants, on behalf of Defendant Dustin Stratton, settled Dustin Stratton's claims against Laboratory Medicine Consultants and Dougherty in the Negligence Action.

44. To date, the Attorney Defendants have refused to advise Plaintiff Health Plan of those settlements, and have refused to provide any cooperation to Plaintiff Health Plan.

## CAUSES OF ACTION

### Count I: Constructive Trust

45. Plaintiff incorporates all previous allegations as if fully restated herein.

46. Any monies that have been or will be recovered by Defendants Dustin Stratton, Andrew Brenner, John Phebus, or Joseph W. Phebus, whether by settlement or litigation, up to the amount paid by Plaintiff Health Plan, rightfully belong to Plaintiff Health Plan in equity.

47. Any monies in possession of any third party (including but not limited to any insurance carriers or attorneys), that are or may be payable to Defendants Dustin Stratton, Andrew Brenner, John Phebus, or Joseph W. Phebus, whether by settlement or litigation, up to the amount paid by the Health Plan, rightfully belong to Plaintiff Health Plan in equity.

48. Plaintiff Health Plan has no adequate remedy at law.

49. Under *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006), Plaintiff Health Plan is entitled to the imposition of a constructive trust upon any and all funds that are now or may in the future be payable to Defendants Dustin Stratton, Andrew Brenner, John Phebus, or Joseph W. Phebus, from any third party, up to the amount paid by the Health Plan.

50. Under *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006), Plaintiff Health Plan is entitled to the imposition of a constructive trust upon any and all funds that have been paid to Defendants Dustin Stratton, Andrew Brenner, John Phebus, or Joseph W. Phebus, from any third party, up to the amount paid by the Health Plan.

## Count II: Declaratory Judgment that Plaintiff's Equitable Lien is Valid

51. Plaintiff incorporates all previous allegations as if fully restated herein.

52. Although Defendants Andrew Brenner, John Phebus, and Joseph W. Phebus had previously acknowledged, in writing, the existence of Plaintiff's equitable subrogation lien, said Defendants have since refused to cooperate with Plaintiff Health Plan, and have asserted that Arizona's survivorship statutes somehow extinguish Plaintiff's equitable subrogation lien.

53. Under the terms and conditions of the Health Plan, and pursuant to federal law, Plaintiff possesses an equitable subrogation lien on any monies recovered or to be recovered by Defendant Dustin Stratton and/or the Attorney Defendants, to the extent of the total medical payments made by Plaintiff Health Plan for the benefit of Ms. Stratton.

54. Plaintiff requests a declaratory judgment under 28 U.S.C. § 2201, declaring that its equitable subrogation lien on any recovery by Defendants Dustin Stratton, Andrew Brenner, John Phebus, and/or Joseph W. Phebus is valid and enforceable.

**Count III:  Tortious Interference With Contractual Relations as to Defendants Andrew Brenner, John Phebus, and Joseph W. Phebus**

55. Plaintiff incorporates all previous allegations as if fully restated herein.

56. Plaintiff Health Plan has/had an enforceable contract with Ms. Stratton, whereby the Health Plan agreed to provide certain health care benefits to Ms. Stratton.

57. Ms. Stratton, in turn, agreed to be bound by the terms and conditions of the Health Plan.

58. This contract is binding and enforceable as to Defendant Dustin Stratton.

59. The Attorney Defendants have/had knowledge of this contract.

60. By refusing to pay Plaintiff Health Plan monies owed to it on account of the Health Plan's subrogated interest, and by refusing to cooperate with Plaintiff Health Plan, the Attorney Defendants have intentionally procured a breach of the contract.

61. The Attorney Defendants have/had no justification for procuring said breach.

62. As a direct and proximate result of the Attorney Defendants' breach, Plaintiff Health Plan has suffered damages.

63. The Attorney Defendants acted with malice in intentionally procuring said breach.

64. Plaintiff Health Plan is entitled to punitive damages as permitted by the applicable common law.

**Count IV:   Conversion as to Defendants Andrew Brenner, John Phebus, and Joseph W. Phebus**

65. Plaintiff incorporates all previous allegations as if fully restated herein.

66. As set forth more fully above, Plaintiff has/had a right to the possession of any and all settlement monies received by Defendant Dustin Stratton or the Attorney Defendants.

67. Upon information and belief, the Attorney Defendants, on behalf of Defendant Dustin Stratton, settled Dustin Stratton's claims against Laboratory Medicine Consultants and Dougherty in the Negligence Action.

68. As described more fully above, the Attorney Defendants wrongfully exercised dominion and/or control over any and all settlement monies thus far received, to the exclusion of the rights of Plaintiff, the owner.

69. The Attorney Defendants withheld said settlement monies from Plaintiff Health Plan's possession under a claim inconsistent with Plaintiff's rights to said monies.

70. As a direct and proximate result of said Defendant's conversion, Plaintiff Health Plan has suffered damages.

71. Plaintiff Health Plan is entitled to punitive damages as permitted by the applicable common law.

**Count V: Preliminary and Permanent Injunctive Relief Against All Defendants**

72. Plaintiff incorporates all previous allegations as if fully restated herein.

73. Under the terms and conditions of the Health Plan and under the ERISA statutory scheme and its attendant case law, Plaintiff possesses an equitable subrogation lien on any and all recoveries (past, present, and/or future) received by Defendant Dustin Stratton or by the Attorney Defendants relating to or concerning the allegations in the Negligence Action.

74. Plaintiff Health Plan's equitable subrogation lien encompasses any and all payments (past, present, and/or future), whether from settlement or litigation, from any Defendant to Defendant Dustin Stratton and/or to the Attorney Defendants.

75. Plaintiff Health Plan requests a temporary restraining order, in addition to preliminary and permanent injunctive relief, prohibiting the Attorney Defendants from transferring, using, or otherwise disposing of any and all monies received or to be received in or relating to the Negligence Action.

76. Plaintiff Health Plan requests a temporary restraining order, in addition to preliminary and permanent injunctive relief, prohibiting the Defendant Dustin Stratton from transferring, using, or otherwise disposing of any and all monies received or to be received in or relating to the Negligence Action.

77. Unless Defendants are temporarily, preliminarily, and permanently enjoined from transferring, using, or otherwise disposing of said proceeds, Plaintiff Health Plan will be substantially and irreparably harmed.

78. Plaintiff Health Plan is likely to succeed on the merits. *See U.S. Airways, Inc. v. McCutchen*, 133 S. Ct. 1537 (2013); *Sereboff v. Mid Atl. Med. Servs. Inc.*, 126 S. Ct. 1869 (2006).

79. The balance of equity weighs in Plaintiff Health Plan's favor because the damage to be suffered by Plaintiff far outweighs any harm an injunction may impose upon Defendants.

80. The public interest will be served if injunctive relief is granted, given the current state of the law.

**WHEREFORE**, Plaintiff MedCath Incorporated Employee Health Care Plan demands as follows:

(i) As to Counts I and II, that this Court impose a constructive trust on any and all funds currently in possession of any of the Defendants to this action, or any third party, that are or may be payable (or have been paid) to Defendant Dustin Stratton or to his attorneys, by settlement or litigation, up to the amount paid by Plaintiff for the benefit of Ms. Tracie Stratton;

(ii) As to Counts I and II, a declaratory judgment declaring that Plaintiff's equitable subrogation lien on any recovery is valid and enforceable, and preempts Arizona law;

(iii) As to all Counts, judgment against Defendants Dustin Stratton, Andrew Brenner, John Phebus, and Joseph W. Phebus, jointly and severally, in an amount in excess of $569,974.50.

(iv) As to Count V, a temporary restraining order, in addition to preliminary and permanent injunctive relief, prohibiting any Defendant from transferring, using, or otherwise disposing of any and all monies received or to be received or to be paid in or relating to the Negligence Action.

(v) As to all Counts, attorney fees and punitive damages, where applicable and as permitted by the applicable law; and

(vi) Any other relief that is proper and necessary.

DATED this 16th day of June, 2014.

/s/ Matthew T. Anderson

Matthew T. Anderson
Attorney for Plaintiff
MedCath Incorporated
Employee Health Care Plan