**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MedCath Incorporated Employee Health Care Plan,<br><br>            Plaintiff,<br><br>v.<br><br>Dustin Stratton, et al.,<br><br>           Defendants. | No. CV-14-08099-PCT-NVW<br><br>**ORDER** |

Before the Court is Defendants Dustin Stratton, et al.'s Motion to Dismiss First Amended Complaint (Doc. 42), which seeks dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Two of the five counts of the First Amended Complaint and four of the Defendants were dismissed after the Motion was filed, rendering portions of the Motion moot. Plaintiff has filed a response in opposition to the Motion, and Defendant Dustin Stratton has filed a reply in support of the Motion. (Docs. 53, 59.)

**I.      UNDISPUTED MATERIAL FACTS**

Plaintiff MedCath Incorporated Employee Health Care Plan (the "Plan") is a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). From approximately September 2009 to November 2011, Tracie Stratton was employed by MedCath Incorporated, became a participant in the Plan, and received health benefits under the Plan. Ms. Stratton enrolled her four children as dependents under the Plan.

On July 25, 2011, Ms. Stratton filed a professional negligence action in the Superior Court of the State of Arizona, Mohave County, related to medical care she had received under the Plan. Plaintiff alleges that it paid medical expenses totaling $506,769.62 arising from the negligence alleged by Ms. Stratton. On September 12, 2011, Plaintiff notified Ms. Stratton's counsel regarding its right to recover its expenses from any future recovery in the negligence action. On February 15, 2012, Ms. Stratton's counsel acknowledged the Plan's right to recovery.

On September 11, 2013, shortly after Ms. Stratton's death on July 10, 2013, her surviving son, Defendant Dustin Stratton ("Defendant"), intervened as plaintiff and filed an amended complaint for himself and on behalf of his minor siblings and Ms. Stratton's surviving mother. On September 24, 2013, Defendant filed a notice stating that the amended complaint asserted an Arizona Wrongful Death Act claim on behalf of Ms. Stratton's four surviving children and one surviving parent.[1] The notice also stated that no claim under the Arizona Survival Act or any other Arizona statute had been or will be asserted by or on behalf of Ms. Stratton's estate. The amended complaint was brought pursuant to A.R.S. § 12-612 and seeks monetary judgment on behalf of each of the statutory beneficiaries as compensation for grief and sorrow and for the loss of Ms. Stratton's love, affection, companionship, tutelage, and guidance. It does not seek to recover any damages incurred by Ms. Stratton.

In April 2014, Defendant reached a settlement agreement with two of the defendants in the Mohave County wrongful death action. Plaintiff intervened in the action, asserted a counterclaim, and objected to the proposed allocation of settlement proceeds.

On June 18, 2014, Plaintiff filed the present federal court action to adjudicate its subrogation claim under ERISA and additional state law claims. On July 18, 2014,

---

[1] Plaintiff does not address whether its claims would apply to proceeds received by Ms. Stratton's mother.

Plaintiff withdrew its motion for temporary restraining order and preliminary injunction based on Defendant's counsel's representation that the settlement monies to which Plaintiff claims a subrogation interest will be held in trust and not distributed until Plaintiff's claim in this court is adjudicated.

On September 24, 2014, Plaintiff filed a First Amended Complaint, which among other things added the Estate of Tracie Stratton as a defendant "solely to the extent that the Estate may have a right to receive monies subject to the Health Plan's claims asserted herein." (Doc. 37.) The Court had previously granted Plaintiff leave to file the First Amended Complaint and ordered that Plaintiff serve it on all parties under Rule 5 of the Federal Rules of Civil Procedure. (Doc. 35.) Plaintiff has not filed proof of service on the Estate, and the Estate has not appeared in this matter.

## II. SUBJECT MATTER JURISDICTION

### A. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations by either (1) attacking the plaintiff's allegations as insufficient on their face to invoke federal jurisdiction or (2) contesting the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The first, a facial attack, is resolved by the district court as it would be under Rule 12(b)(6), *i.e.*, accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are legally sufficient to invoke the court's jurisdiction. *Id.* The second, a factual attack, requires the plaintiff to support its jurisdictional allegations with competent proof, under the same evidentiary standard applied in the summary judgment context. Thus, the plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject matter jurisdiction has been met. *Id.* Here, Defendant's jurisdictional challenge is a facial attack, and the Court determines whether Plaintiff's allegations are legally sufficient to invoke the court's jurisdiction.

### B. The Employee Retirement Income Security Act of 1974 ("ERISA")

An employee benefit plan may sue or be sued under ERISA as an entity. 29 U.S.C. § 1132(d)(1). A civil action may be brought under ERISA by a fiduciary to (a) enjoin any act that violates the terms of the plan or (b) obtain appropriate equitable relief to redress such violations or to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) does not authorize equitable relief generally, but only such relief as will enforce the terms of the plan or the statute. *U.S. Airways, Inc. v. McCutchen*, __ U.S. __, 133 S. Ct. 1537, 1548 (2013).

### C. The Court Has Original Jurisdiction Over Plaintiff's ERISA Claims.

The First Amended Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1331 based on a federal question arising under ERISA. Defendant contends that there is no federal question in this dispute because Plaintiff asserts a contractual right of subrogation, not a subrogation right granted by ERISA, and the only question for adjudication is a state law contract issue, *i.e.*, whether terms of the Plan preempt the Arizona Wrongful Death Act's prohibition against subjecting recovery in a wrongful death action to debts or liabilities of the deceased.

ERISA's principal function is to protect contractually defined benefits. *U.S. Airways*, 133 S. Ct. at 1548. ERISA authorizes Plaintiff to bring an action under 29 U.S.C. § 1132(a)(3) to enjoin any act that violates the terms of the plan or to obtain appropriate equitable relief to redress such violations or to enforce the terms of the plan. Count 1 seeks equitable relief under 29 U.S.C. § 1132(a)(3) in the form of a constructive trust. Count 2 seeks declaratory judgment that Plaintiff possesses an equitable subrogation lien on certain funds under the terms of the plan and ERISA law.

Defendants' state law defense does not convert Plaintiff's ERISA claims to state law claims. Therefore, under 28 U.S.C. § 1331, the Court has original jurisdiction over Counts 1 and 2 of the First Amended Complaint because they arise under ERISA.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, a court may consider evidence on which the complaint necessarily relies if (1) the complaint refers to the document, (2) the document is central to the plaintiff's claim, and (3) no party questions the authenticity of the copy of the document submitted to the court. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

### B. The Arizona Wrongful Death Act

The Arizona Wrongful Death Act provides:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

A.R.S. § 12-612(A). Under the Act, claims by all statutory beneficiaries are consolidated in a single action brought by a designated plaintiff for and on behalf of the statutory beneficiaries to obtain compensation for *their loss* resulting from the victim's death.

*Wilmot v. Wilmot*, 203 Ariz. 565, 569, 58 P.3d 507, 511 (2002). The survivors' right of action is not derived from, nor does it continue, claims which formerly existed in the injured party. *James v. Phoenix General Hosp., Inc.*, 154 Ariz. 594, 603, 744 P.2d 695, 705 (1987). It is an independent claim, seeking not to recover for the personal injuries sustained by the party injured, but instead to recover for damages sustained by the survivors upon the death of the injured party. *Id.*

Where medical malpractice results in the death of a patient, the cause of action for medical malpractice survives, and may be asserted by the personal representative of the deceased. *Id.*; A.R.S. § 14-3110. A survival claim compensates the decedent's estate; a wrongful death claim compensates statutory beneficiaries for their losses. *Gandy v. United States*, 437 F. Supp. 2d 1085, 1087 (D. Ariz. 2006). A survival claim and a wrongful death claim are separate and distinct even when they originate from the same wrongful act:

> The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends and recovery on both is not a double recovery for a single wrong but rather separate recoveries for different wrongs.

*Gartin v. St. Joseph's Hosp. & Med. Ctr.*, 156 Ariz. 32, 34. 749 P.2d 941 (Ct. App. 1988) (quoting *Barragan v. Superior Court*, 12 Ariz. App. 402, 404-05, 470 P.2d 722, 724-25 (1970)).

The Arizona Wrongful Death Act further provides:

> The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate.

A.R.S. § 12-612(C). A jury may award damages that it deems to be fair and just for the injury to the surviving parties resulting from the death. A.R.S. § 12-613. The individual interests of the persons entitled to be compensated for the loss of the decedent likely will

be different, and the judge should instruct the jury to find the amount of damages sustained by each beneficiary. *Wilmot*, 203 Ariz. at 571, 58 P.3d at 513.

The Arizona Wrongful Death Act provides that the amount recovered in a wrongful death action "shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate." A.R.S. § 12-613; *see Gartin*, 156 Ariz. at 34, 36, 749 P.2d at 943, 945 (where the entire settlement proceeds were paid for a wrongful death claim and not for a survival action, the proceeds were not subject to the debts or liabilities of the decedent, a hospital lien did not attach to the proceeds, and the hospital was not entitled to relief against the wrongful death statutory beneficiaries).

### C. The Summary Plan Description

Exhibit A to the First Amended Complaint is the Medical, Prescription Drug and Vision Plan of MedCath Incorporated, dated November 1, 2008 ("Summary Plan Description"). (Doc. 37-1.) The Summary Plan Description includes an Adoption Agreement that states that the benefits provided under the Plan and the general terms and conditions governing provision of benefits are contained in the Summary Plan Description and may also be governed by provisions of certain insurance contracts purchased on behalf of the Plan, which are incorporated by reference in the Summary Plan Description. It also states that the Employer is the Plan Sponsor and has certified that the Summary Plan Description represents the terms and conditions of the Plan. (Doc. 37-1 at 4.) Although the copy of the Adoption Agreement attached to the First Amended Complaint is unsigned, Defendants do not dispute that the Summary Plan Description accurately represents the terms and conditions of the Plan.

The Summary Plan Description defines "Covered Person" as "A person who is eligible for coverage under this Plan, or becomes eligible at a later date, and for whom the coverage provided by this Plan is in effect." Because Ms. Stratton and her four children were eligible for and received coverage by the Plan, all of them are considered Covered Persons under the Plan.

In a section titled "Right of Subrogation/Right to Reimbursement/ Equitable Lien," the Summary Plan Description states:

> Subrogation applies to situations where the Covered Person is injured and another party is responsible for payment of health care expenses (s)he incurs because of the injury.

This section applies to Ms. Stratton because she was a Covered Person who, allegedly, was injured by another party (or parties) who are responsible for payment of her health care expenses. Although Ms. Stratton's children were Covered Persons, they did not incur health care expenses for which another party is responsible.[2] Thus, the section of the Plan titled "Right of Subrogation/Right to Reimbursement/ Equitable Lien" does not apply to them.[3]

This section of the Summary Plan Description explains:

> The Subrogation provision allows for the right of recovery for certain payments. Any payments made for the Covered Person's injuries under the Plan may be recovered from the other party. Any payments made for the Covered Person's injuries under the Plan may be recovered from the Covered Person from any judgment or settlement of his or her claims against the other party or parties.
>
> By accepting Coverage under the Plan, the Covered Person automatically assigns to the Plan any rights the Covered Person may have to recover all or part of any payments made by the Plan from any other party, including an insurer or another group health program. Therefore, the Plan Administrator may act as the Covered Person's substitute in the event any payment made

---

[2] Although Ms. Stratton's children suffered from the loss of their mother, Plaintiff does not allege that they incurred health care expenses because of their loss and the expenses were covered by Plaintiff. If another party compensated them for their loss, it was not because the other party was responsible for payment of any health care expenses incurred because of their loss.

[3] Contrary to Plaintiff's assertion, *Norstan v. Lancaster*, No. CV-12-00481-PHX-GMS, 2014 WL 2921656 (D. Ariz. June 27, 2014), did not address a "nearly identical situation." In *Norstan*, the court ruled that the *estate* of the deceased was a "covered person," and the ERISA plan's right of subrogation and reimbursement applied only to proceeds the *estate* recovered in a malpractice action for the same condition or injury for which the plan had paid medical expenses.

> by this Plan for health care benefits . . . is or becomes the responsibility of another party. . . . This assignment allows the Plan to pursue any claim that the Covered Person may have, whether or not the Covered Person chooses to pursue that claim.

Plaintiff, therefore, is authorized to pursue any claim Ms. Stratton had to recover payments it made for her health care.

The Summary Plan Description further provides:

> . . . if the Covered Person receives . . . any recovery . . . the Covered Person must repay the Plan in full for any medical, dental, vision, or disability benefits which have been paid or which will in the future be payable under the Plan for expenses already incurred or which are reasonably foreseeable at the time of such Recovery. . . . The Plan shall also be entitled to seek any other equitable remedy against any party possessing or controlling such monies or properties.

Therefore, the Summary Plan Description required Ms. Stratton to repay Plaintiff for the medical benefits it paid if she received any recovery for her injuries. It also entitles Plaintiff to seek equitable remedy against any party possessing or controlling any recovery obtained by Ms. Stratton.

But Plaintiff's contractual rights of subrogation and reimbursement do not apply to Ms. Stratton's children who did not incur health care expenses for which another party is responsible and did not receive compensation for Ms. Stratton's injuries.

### D. The First Amended Complaint Fail to State Any ERISA Claim Upon Which Relief Can Be Granted.

ERISA "is built around reliance on the face of written plan documents." *U.S. Airways*, 133 S. Ct. at 1548. ERISA permits Plaintiff to seek equitable relief to enforce the terms of the Plan, but the written plan documents authorize Plaintiff to recover payments for health care expenses incurred by Ms. Stratton only from proceeds paid in compensation for Ms. Stratton's injuries. They do not entitle Plaintiff to recover from proceeds received in the wrongful death action for the losses suffered by Ms. Stratton's children. Plaintiff's subrogation and reimbursement rights do not apply in the circumstances of this action.

The Estate of Tracie Stratton was not a party to the wrongful death action and did not continue Ms. Stratton's professional negligence action after her death. Plaintiff does not allege that the Estate has received any proceeds that would be subject to Plaintiff's subrogation and reimbursement rights, *i.e.*, compensation for Ms. Stratton's injuries.

Therefore, Counts 1 and 2 of the First Amended Complaint fail to state a claim upon which relief can be granted, and the question of whether an ERISA plan preempts the Arizona Wrongful Death Act does not arise.

### E. Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

For the reasons stated above, the Court finds that further amendment of Plaintiff's federal claims would be futile.

### F. Supplemental Jurisdiction Over Count 3 of the First Amended Complaint Is Declined.

A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Count 3 of the First Amended Complaint alleges breach of contract and/or request for restitution based on state law. The Court has dismissed all claims over which it has original jurisdiction and under § 1367(c) declines to exercise supplemental jurisdiction over Count 3 or any other state law claims in this action.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss First Amended Complaint (Doc. 42) is granted to the extent that Counts 1 and 2 of the First

Amended Complaint are dismissed with prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Defendants' alternative motion to dismiss Counts 4 and 5 of the First Amended Complaint (Doc. 42) is denied as moot.

IT IS FURTHER ORDERED that Count Three of the First Amended Complaint is dismissed because the Court declines to exercise supplemental jurisdiction.  The Clerk shall close this case.

Dated this 16th day of January, 2015.

_____
Neil V. Wake
United States District Judge